IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as trustee for LSF8 Master Participation Trust, | : | |
| | : | |
| Plaintiff and Counter-Defendant, | : | |
| v. | : | |
| CHARLES LEE WILD, *et al.*, | : | CA 15-00021-C |
| Defendants and Counter-Plaintiffs, | : | |
| v. | : | |
| BENEFICIAL FINANCIAL I INC., *et al.*, | : | |
| Counter-Defendants.[1] | : | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion to remand this matter to state court (doc. 10) filed by Defendants, Charles Lee Wild and his wife Valerie Griffin, ("the Wilds"),[2] the response briefs filed by Beneficial Financial I Inc., ("Beneficial"), and Caliber Home Loans, Inc., ("Caliber"), (docs. 13 and 14), the reply brief filed by the Wilds (doc. 16), and the issues discussed at the time of the hearing on this matter. Beneficial also filed a motion to compel arbitration and to dismiss the claims asserted against it. (Doc. 9.) Although Beneficial's motion was filed before the motion to

---

[1] The undersigned has adjusted the caption to reflect the proper characterization of the parties as discussed herein.

[2] Although U.S. Bank refers to Charles Wild's wife as "Valerie Griffin Wild" in the state court pleadings and in the notice of removal to this Court, (*see* docs. 1-1 and 1-2), she asserts that her name is, in fact, "Valerie Griffin," (*see* doc. 1, ¶ 2 n.3), and she refers to herself as "Valerie Griffin" in her filings in this Court, (*see, e.g.*, docs. 10 and 16). Nevertheless, for ease of reference, the parties refer to the Defendants, collectively, as "the Wilds," (doc. 1, ¶ 2 n.3; doc. 10 at 2), and, therefore, the undersigned also will refer to the Defendants as "the Wilds."

remand, (*see* docs. 9 and 10), and remains pending,

> [t]his Court's analysis [must] begin[] with the threshold jurisdictional question raised by [the] Motion to Remand. Absent federal jurisdiction, this Court lacks the power to decide [the] pending Motion to Dismiss, and must immediately remand this action to state court . . . . Thus, the Court must first determine whether this action was properly removed from state court.

*Wilks v. Callahan*, Civil Action No. 08–638–CG–M, 2009 WL 2243702, at *3 (S.D. Ala. July 24, 2009) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)); *see also Klempner v. Northwestern Mut. Life Ins. Co.*, 196 F. Supp. 2d 1233, 1242-43 (S.D. Fla. 2001) ("Although a motion to dismiss is currently pending in this Court [ ], 'a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.'") (quoting *University of S. Ala.*, 168 F.3d at 411).

After careful consideration of the pleadings, the parties' briefing and the arguments presented at the time of the hearing on this matter, and for the reasons discussed herein, the motion to remand (doc. 10) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of Conecuh County.

## Magistrate Judge Jurisdiction

This case, filed January 15, 2015, has been proceeding before the undersigned United States Magistrate Judge with the implicit consent of the parties. (*See* Doc. 3, notice of assignment to Magistrate Judge for all purposes, including trial, entered January 15, 2015.) After this notice was filed, the motion to compel arbitration and motion to remand were both referred to the undersigned for final resolution. Within the order establishing a briefing schedule entered on February 9, 2015 (Doc. 12), the parties were advised a second time that the case would be considered a consent case if a request for reassignment was not submitted to the Clerk by February 20, 2015. (*Id.*, n. 1).

A hearing was scheduled and held on May 27, 2015 without a request for reassignment presented either before or during the hearing.

Thus, leading up to the hearing, the parties had "continual[ly] participat[ed] in pretrial proceedings [for an extended period of time to] justif[y] the inference of consent from [ ] litigant[s] aware of the need to consent." *Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1350-51 (11th Cir. 2007); *see also Roell v. Withrow*, 538 U.S. 580, 590 (2003) (Inferring consent "where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge . . . checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.")

Implicit consent notwithstanding, at the May 27, 2015 evidentiary hearing, the undersigned discussed the jurisdictional issue with the parties and obtained the express consent of all parties. Accordingly, consent jurisdiction to proceed before the Magistrate Judge for all proceedings in this Court is authorized by 28 U.S.C. § 636(c).

## Background

The Plaintiff, U.S. Bank Trust, N.A., ("U.S. Bank"), filed a complaint for ejectment against Charles Lee Wild and Randi Wild in the Circuit Court of Conecuh County, Alabama, on September 25, 2014. (*See* doc. 1, ¶ 1.) U.S. Bank subsequently amended its complaint by substituting Valerie Griffin as a defendant for Randi Wild. (Doc. 1-2 at 15-16; *see* doc. 1, ¶ 1.)[3] U.S. Bank seeks the ejectment of the Wilds—Charles Wild and Valerie Griffin—pursuant to Ala.Code § 6-6-280, from the property located at 314 Rural Street, Evergreen, Alabama 36401, which U.S. Bank alleges is being unlawfully withheld

---

[3] Apparently, Randi Wild is Charles Wild's previous wife, and Valerie Griffin is his current wife. (*See* doc. 1, ¶ 1 n.2; doc. 10 at 2.)

and detained by the Wilds. (Doc. 1-2 at 16.) U.S. Bank "demands judgment against [the Wilds] for the immediate recovery of [said property], mesne profits for the use and occupancy of the property, damages for waste and injury to the premises, and for a Writ of Possession to issue instanter upon judgment in favor of [U.S. Bank]." (*Id.*)

The Wilds answered the ejectment claim and filed the following counterclaims against U.S. Bank: Breach of Contract; Conversion of Escrowed Funds; Breach of Implied Covenant of Good Faith and Fair Dealing; Violations of the Truth in Lending Act, 15 U.S.C. 1601, *et seq.*, ("TILA"); Breach of Fiduciary Duty; and Slander of Title (Wrongful Foreclosure). (Doc. 1-2 at 39-50.) Additionally, within the same document in which the Wilds answered the ejectment claim and asserted counterclaims against U.S. Bank, the Wilds included a "Third-Party Complaint" asserting similar claims against Beneficial and Caliber, the servicers of the mortgage at issue. (*Id.* at 50-77.) With respect to Beneficial, the Wilds alleged the following claims: Breach of Contract; Conversion of Escrowed Funds; Breach of Implied Covenant of Good Faith and Fair Dealing; Violation of the TILA; Breach of Fiduciary Duty; Violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601-2617, ("RESPA"); and Violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, ("ECOA"). (Doc. 1-2 at 50-77.) With respect to Caliber, the Wilds alleged the following claims: Breach of Contract; Conversion of Escrowed Funds; Breach of Implied Covenant of Good Faith and Fair Dealing; Violation of the TILA; Breach of Fiduciary Duty; Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA"); and Violation of the RESPA. (Doc. 1-2 at 50-77.)

On January 15, 2015, Beneficial removed this matter to this Court, arguing that this matter is removable pursuant to 28 U.S.C. § 1441(c)[4] because the Court has federal question jurisdiction over the Wilds' TILA, RESPA, ECOA and FDCPA claims. (Doc. 1 at 4-5.) Furthermore, Beneficial contends that § 1441(c) also permits this Court to exercise jurisdiction over the numerous state law claims in this matter. (Doc. 1 at 4-5.) Alternatively, Beneficial argues that the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), authorizes this Court to exercise jurisdiction over the state law claims. (Doc. 1 at 6-8.) Caliber joined in and consented to the removal of this matter to this Court. (*Id.* at 2.) The Wilds subsequently moved to remand this entire case back to state court, arguing, among other things, that Beneficial and Caliber do not have the right to remove this case to federal court because they are not defendants within the meaning of the removal statute. (Doc. 10.)

## Removal Standard

---

[4] Section 1441(c) provides as follows:

**(1)** If a civil action includes—

**(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

**(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

§ 1441(c).

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The defendant must establish the propriety of removal under section 1441 and, for that reason, "bears the burden of establishing the existence of federal jurisdiction." *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). Additionally, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *cf. D.M.C. Enters. Inc. v. Best McAllister, LLC*, Civil Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. Aug. 4, 2010) ("Because it is conferred by statute, the right of removal is strictly construed to limit federal jurisdiction.") (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

## Discussion

As further explained below, the undersigned finds that this matter is due to be remanded for reasons previously discussed in detail by the undersigned in *Karp v. Am. Law Enforcement Network, LLC*, No. CA 11-0449-CG-C, 2011 WL 6963254 (S.D. Ala. Nov. 18, 2011), *report and recommendation adopted by* 2012 WL 38161.

In *Karp*, the undersigned acknowledged that the decision of the former Fifth Circuit in *Carl Heck Engineers, Inc. v. LaFourche Parrish Policy Jury*, 622 F.2d 133 (5th Cir.

6

1980),[5] remains binding on this Court and, as such, "certain third-party defendants may remove a case to federal court pursuant to 28 U.S.C. § 1441(c)[.]"  *Karp*, 2011 WL 6963254, at *2.  However, the undersigned also recognized that "'district courts in this Circuit have repeatedly remanded cases that do not fit within the narrow confines of *Carl Heck* and its progeny.'"  *Id.* at *2 n.4 (quoting *Southern Timber Co. v. Ellis*, Civil Action File No. 4:07-CV-0215-HLM, 2008 WL 2987198, at *16 (N.D. Ga. Aug. 1, 2008)).[6]  Ultimately, the undersigned determined that the removing parties were counter-defendants, rather than third-party defendants, and, consequently, *Carl Heck* was not controlling, and the counter-defendants did not have authority under section 1441(c) to remove the matter.  *Id.* at *5-6 ("Finding that the [the removing parties] lack the authority to remove this action pursuant to 28 U.S.C. § 1441(c) because they are counter-defendants, and as such, the Court is not bound by *Carl Heck*[.]").

Therefore, in light of this Court's decision in *Karp*, the question of whether this case was properly removed depends on whether the removing parties, Beneficial and

---

[5] *Carl Heck* involved a contract dispute arising out of a construction project.  *Carl Heck*, 622 F.2d at 134.  After the plaintiff filed a state court suit against the defendant for liquidated damages based on project delays, the defendant filed a third-party claim against the insurance company with which it had entered into an indemnity agreement.  *Id.* at 134-35.  The defendant claimed that, pursuant to their agreement, the insurance company was required to defend and hold it harmless from the plaintiff's claims.  *Id.*  The insurance company then removed the matter to federal court pursuant to 28 U.S.C. § 1441(c).  *Id.* at 135.  The district court determined that the matter was properly removed; however, the court severed the original claim from the third-party claim and remanded the original action to state court.  *Id.*  On appeal, the Fifth Circuit held that the indemnity claim was properly removed to federal court by the third-party defendant pursuant to section 1441(c).  *Id.* at 135-36.

[6] The undersigned also noted in *Karp* that the majority of federal courts disagree with the Fifth Circuit's holding in *Carl Heck* and have concluded that "'a third-party defendant brought into the state action by the original defendant [cannot] exercise the right of removal.'"  *Karp*, 2011 WL 6963254, at *2 n.2 (quoting *Memorial Hospice, Inc. v. Norris*, Civil Action No. 2:08-CV-48-SAA, 2009 WL 2425920, at *1 (N.D. Miss. Aug. 6, 2009)).

Caliber, are counter-defendants or third-party defendants.  The Wilds refer to Beneficial and Caliber as "third-party defendants."  (Doc. 1-2 at 51.)  However,

> the "[l]egal characterizations of a party's status as stated in a complaint are not controlling; rather the Court must look at the factual allegations . . . to determine a party's proper status.  Furthermore, in determining the removing parties' proper characterization, federal law controls." *Palisades Collections LLC v. Shorts*, Civil Action No 5:07CV098, 2008 WL 249083, at *3 (N.D. W. Va. Jan. 29, 2008) (citations and internal quotations omitted; alteration in original); *see also Chicago, Rock Island & Pacific R.R. v. Stude*, 346 U.S. 574, 579-80, 74 S. Ct. 290, 98 L. Ed. 317 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant.").
>
> "Rule 14 of the Federal Rules of Civil Procedure governs third-party practice and establishes that 'a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.'" *Vision Bank v. Swindall*, Civil Action No. 09-0442-CG-M, 2009 WL 3158194, at *1 (S.D. Ala. Sep. 28, 2009) (quoting Fed. R. Civ. P. 14(a)(1)).  A third-party claim for indemnification such as the one asserted in *Carl Heck*, is the archetypal basis for impleader pursuant to Rule 14. . . .
>
>> [Further, "r]ule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987).  "An entirely separate claim, even one that arises out of the same set of facts, does not allow a third-party defendant to be impleaded." *Coates v. CTB, Inc.*, 173 F. Supp. 2d 1200, 1202 (M.D. Ala. 2001) (citing *United States v. Joe Grasso & Sons, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967)).
>
> *Swindall*, 2009 WL 3158194, at *1.
>
> Conversely, "[a] counterclaim is any suit brought by a defendant against the plaintiff, **including claims properly joined against the plaintiff**." *Mace Sec. Int'l*, [*Inc. v. Odierna*, No. 08-60778-CIV], 2008 WL 3851839, at *3 [(S.D. Fla. Aug. 14, 2008)] (citing Fed. R. Civ. P. 13(a)-(c)) (emphasis [in *Karp*]).  As such, "[a] counterdefendant need not also be a plaintiff." *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1491 (N.D. Ill. 1990) (citing Fed. R. Civ. P. 13(h)). . . .

*Karp*, 2011 WL 6963254, at *4-5 (citations and footnote omitted).

After reviewing the claims asserted by the Wilds against Beneficial and Caliber, the undersigned finds that Beneficial and Caliber are properly characterized as counter-defendants rather than third-party defendants. The Plaintiff, U.S. Bank's claim against the Wilds is for ejectment. The Wilds' claims against Beneficial and Caliber certainly are not dependent on the ejectment action. Unlike the defendant in *Carl Heck*, the Wilds did not assert indemnity claims arising from the Plaintiff's suit. *Compare Carl Heck*, 622 F.2d at 134-35, *with* doc. 1-2 at 50-77. Rather, the Wilds' claims against Beneficial and Caliber are for statutory and contractual violations that occurred during the loan servicing process and that purportedly stand on their own, regardless of whether U.S. Bank had pursued the ejectment action. (*See* doc. 1-2 at 50-77.)

This matter involves similar claims addressed in *Deutsche Bank Nat'l Trust Co. v. Baxter*, 969 F. Supp. 2d 1337 (N.D. Ala. 2013), and *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1491 (N.D. Ill. 1990). In *Baxter*, a bank filed a state court action to recover possession of property from the individuals residing at the property. *Baxter*, 969 F. Supp. 2d at 1339. The defendants subsequently filed several counterclaims against the plaintiff, including unjust enrichment, negligence, wantonness, abuse of process, wrongful foreclosure and violation of the TILA. *Id.* The defendants also joined two new parties to the matter—two financial institutions, which apparently serviced the mortgage at issue. *Id.* The defendants asserted numerous counterclaims against the two new parties, including claims for unjust enrichment, negligence, wantonness, breach of contract, violation of the TILA and violation of the RESPA. *Id.* One of the newly joined parties referred to itself as a third-party defendant and removed the matter to federal court pursuant to section 1441(c). *Id.* In determining whether the matter was properly removed, the Northern District of Alabama considered whether the removing party was a counter-defendant or a third-party defendant, and ultimately

9

found that it was a counter-defendant. *Id.* at 1341-42. Accordingly, the court concluded that the removal was not authorized and remanded the case back to state court. *Id.* at 1344.

Similarly, in *Delgado* the defendant in a foreclosure action joined additional financial institutions in the proceedings and asserted claims against those new parties for breach of contract, violation of the TILA, and various state statutory violations. *Delgado*, 736 F. Supp. at 1490. Some of the newly joined parties removed the matter to federal court and the defendants moved to remand. *Id.* at 1491. Before remanding the matter to state court, the Northern District of Illinois concluded that the removing parties were properly classified as counter-defendants, rather than third-party defendants. *Id.* ("The removing parties are not properly characterized as third-party defendants. Third-party claims are those in which a defendant claims a third-party is liable to the defendant for all or part of the plaintiff's claim against the defendant. . . . Defendants are not seeking to hold any of the alleged counter[-]defendants liable to defendants for any liability defendants may owe to plaintiff. Instead, defendants allege counter[-]defendants are directly liable to them for injuries to defendants. . . . The removing parties in this case are properly characterized as counter[-]defendants.").

Like the removing parties in *Baxter* and *Delgado*, the removing parties in this case—Beneficial and Caliber—are, in fact, counter-defendants. Accordingly, they were not authorized to remove this matter to federal court. *See Karp*, 2011 WL 6963254, at *5-6.[7] Therefore, the Wilds' motion to remand is due to be and hereby is **GRANTED**.

---

[7] The undersigned notes that in *WGB, LLC v. Bowling*, 18 F. Supp. 3d 1288 (N.D. Ala. 2014), a case on which Beneficial and Caliber rely, (*see* doc. 1 at 4-5), the Northern District of Alabama concluded that the right of removal extended to newly added counter-defendants. *Bowling*, 18 F. Supp. 3d at 1296. *Bowling*, like the instant case, involved a state court ejectment action and counterclaims by the defendants against newly added parties for violations of the

### Conclusion

Keeping in mind the narrow construction afforded the removal statute, the undersigned has concluded that this Court lacks jurisdiction over this case and that removal was improper. Accordingly, after careful consideration of the parties' briefing and the pleadings, and for the reasons set forth above, it is hereby **ORDERED** that the motion to remand (doc. 10) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Conecuh County, Alabama.

**DONE** and **ORDERED** this the 9th day of September 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

TILA, the RESPA and the FDCPA. *Id.* at 1291. Without distinguishing between counter-defendants and third-party defendants, the Northern District concluded that, under *Carl Heck* and section 1441(c), the newly added parties were permitted to remove the matter. *Id.* at 1296. The court in *Bowling* also acknowledged that other cases in this Circuit, such as this Court's decision in *Karp*, reflect a disagreement regarding the reach of *Carl Heck*. *Id.* at 1300 n.11.

The undersigned declines to follow *Bowling* and depart from *Karp*. Instead, the undersigned maintains the position articulated in *Karp* and reiterated in *Baxter* that the holding in *Carl Heck* should *not* be extended to permit newly added counter-defendants to exercise the right of removal. *See Karp*, 2011 WL 6963254, at *5-6; *Baxter*, 969 F. Supp. 2d at 1342-44.